IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| DARRELL L. WRIGHT, SR. AS THE ADMINISTRATOR OF THE ESTATE OF LENORA S. WRIGHT, DECEASED, on behalf of itself and all similarly situated persons and entities, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  10-2304 |
| LINEBARGER GOOGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership, | ) ) ) ) | |
| Defendant. | ) | |

---

**ORDER DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY AND DENYING DEFENDANT'S MOTION FOR REVISION OF INTERLOCUTORY ORDER(S) PURSUANT TO RULE 7.3**

---

Before the Court are Defendant Linebarger Goggan Blair & Sampson, LLP's ("Linebarger") April 21, 2011 Motion to Permit Interlocutory Appeal and Motion for Stay and its September 16, 2011 Motion for Revision of Interlocutory Order(s) Pursuant to Local Rule 7.3. (See Def. Linebarger's Mot. to Permit Interlocutory Appeal and Mot. for Stay, ECF No. 39) ("April 21 Motion"); see also Def.'s Mem. of Law in Supp. of Mot. to Permit Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Mot. for Stay, ECF No. 39-1) ("Def.'s Mem."); Def.'s Mot. for Revision of Interlocutory Order, ECF No. 97 ("September 16

1

Motion"); Def.'s Mem. of Law in Supp. of Mot. for Revision of Interlocutory Order, ECF 97-1) ("Def.'s Mem. in Supp. of Revision of Interlocutory Orders").) Plaintiffs responded in opposition to Defendant's April 21 Motion on May 9, 2011. (See Pl.'s Mem. of Law in Opp. To Def.'s Mot. to Permit Interlocutory Appeal and Mot. for Stay, ECF No. 46) ("Pl.'s Mem.") Plaintiffs responded to Defendant's September 16 Motion on September 26, 2011. (See Pl.'s Mem. of Law in Opp. To Def.'s Second Mot. for Revision of Interlocutory Orders, ECF No. 101) ("Pl.'s Opp. To Def.'s Second Mot.").)

Plaintiffs' Amended Complaint alleges that Linebarger caused "thousands of Tennessee persons and entities to pay an unlawful attorney's fee in direct violation of the Tennessee Consumer Protection Act (the "TCPA"), Tenn. Code Ann. § 47-18-109(a)(i)-(ii)." (Amend. Compl. ¶ 1, ECF No. 5.) On March 22, 2011, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Denying Defendant's Motion to Stay pending the resolution of a state court action. (See Order on Motions, ECF No. 37.) The Court declined to stay pending the resolution of a similar class action in Tennessee because "resolution of the State Court Action [would] not solve the issues and claims in this action, and the actions are not parallel." (Order on Motions 20.) The Court declined to dismiss Plaintiffs' claims for conversion and unjust enrichment,

2

but dismissed claims for violation of the TCPA and for negligence. (Id. 53.)

Defendant seeks to clarify four questions for interlocutory appeal: whether (1) the Tax Injunction Act (the "TIA") bars a class action lawsuit brought by delinquent taxpayers against the City of Memphis' tax collection law firm; (2) Plaintiffs' complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) by failing to allege that at least one class member complied with Tennessee's statutorily mandated state law remedy; (3) Rule 19 of the Fed. R. Civ. P. requires either joinder of the City of Memphis as a party or dismissal of the lawsuit; and (4) application of the Colorado River doctrine and federal principles of comity require staying this lawsuit pending the resolution of a similar state court action. (Def.'s Mem. 7, 14, 17, 20.) For the following reasons, the Court DENIES Defendant's Motion to Permit Interlocutory Appeal and Motion to Stay.

In its Motion for Revision under Local Rule 7.3, Defendant argues that a "change of law" occurred after the filing of its original Motion for Interlocutory Appeal. (See Def.'s Mem. in Supp. of Revision of Interlocutory Orders 2-3) (citing W.D. Tenn. Civ. R. 7.2(b)(2).) Defendant contends that the Seventh Circuit's decision in Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., No. 09-3975, 2011 U.S. App. LEXIS 13898, at

*7-8 (7th Cir. July 8, 2011) [hereinafter Empress Casino], the Middle District of Alabama's decision in Washer & Refrigeration Supply Co., Inc. v. PRA Government Services, LLC, No. 2:09-CV-1111-WKW, 2010 U.S. Dist. LEXIS 93576, at *12-14 (M.D. Ala. Sept. 8, 2010) [hereinafter Washer & Refrigeration], and the Fifth Circuit's decision in Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP, 338 F.3d 442, 44 (5th Cir. 2003) [hereinafter Washington], are persuasive authority that the TIA bars Plaintiffs' action. (See Def.'s Mem. in Supp. of Revision of Interlocutory Orders 1-4.)   Defendant does not move to revise the three additional theories that it raised in its April 21 Motion.   For the following reasons, Defendant's Motion for Revision of Interlocutory Order(s) Pursuant to Local Rule 7.3 is DENIED.

**I.   Standard of Review**

**A.   Interlocutory Appeal**

Twenty-eight U.S.C. § 1292(b) provides:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing.   The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal

hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Courts consider three factors in deciding whether to grant an interlocutory appeal: whether (1) "the order involves a 'controlling question of law'; (2) there is 'substantial ground for difference of opinion' about the correctness of the decision; and (3) [] an immediate appeal would 'materially advance the ultimate termination of the litigation.'" In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); accord Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993) (per curiam); In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. 2d 844, 848 (W.D. Tenn. 2010).

Exceptional circumstances must exist or irreparable harm must seem imminent to justify granting an interlocutory appeal. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); In re Memphis, 293 F.3d at 350; accord United States v. Bilsky, 664 F.2d 613, 619 (6th Cir. 1981). "An interlocutory 'appeal should . . . only be used where an immediate appeal would avoid protracted and expensive litigation'" and where exceptional circumstances justify departing from the basic policy of postponing appellate review until after the entry of a final judgment. In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. at 848 (quoting Cardwell v. Chesapeake & Ohio Ry. Co., 504 F.2d 444, 446 (6th Cir. 1974)). Section 1292(b) is to be

"sparingly applied." Cardwell, 504 F.2d at 446; see also In re Memphis, 293 F.3d at 350 ("Review under § 1292(b) is granted sparingly and only in exceptional cases."). "[D]oubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." United States v. Stone, 53 F.3d 141, 143-44 (6th Cir. 1995) (quoting In re Westwood, 971 F.2d 387, 390 (9th Cir. 1992)).

### B.   Revision of Interlocutory Orders

Under Local Rule 7.3, "[b]efore the entry of a judgment adjudicating all of the claims . . . in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court." W.D. Tenn. R. 7.3(a). The motion for revision must show:

> (1) A material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the  time of the interlocutory order; or
> (2) the occurrence of new material facts or a change of law occurring after the time of such order; or
> (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

Id. Courts revise interlocutory orders only when "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville Jefferson Cnty. Metro Gov't v.

Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004)). "Motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry to judgment.'" In re Regions Morgan Keegan Secs., Derivative, and ERISA Litig., No. 07-2784, 2010 U.S. Dist. LEXIS 137853, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## II. Analysis

### A. Tax Injunction Act

Defendant's Motion focuses on whether the TIA bars claimants from bringing actions against private parties engaged in the tax collection process. The TIA provides that "district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "applies only when a claimant seeks to 'enjoin' or otherwise hinder 'the assessment, levy or collection' of a state tax." BellSouth Telecomms., Inc. v. Farris, 542 F.3d 499, 501 (6th Cir. 2008) (citations omitted). The TIA does not "apply whenever a taxpayer seeks to enjoin a law that happens to be part of a tax bill." Id. at 503-04. It applies "only in cases . . . in which state

taxpayers seek federal-court orders enabling them to <u>avoid paying state taxes</u>." <u>Id.</u> at 501 (emphasis added). Defendant argues that whether the TIA bars actions against tax collectors is an unsettled question of first impression and that the swift resolution of the issue would conserve judicial resources and materially advance the litigation.

### 1. Substantial Grounds for Difference of Opinion

A "difference of opinion" is established "when (1) the issue is difficult and of first impression; (2) the law is unsettled within the controlling circuit; or (3) the circuits are split on the issue." <u>In re Regions Morgan Keegan Litig.</u>, 741 F. Supp. 2d at 849. Defendant argues that (1) its collection of delinquent taxes is protected under the TIA, (2) there is a difference of opinion within the Sixth Circuit about the distinction between taxes and fees under the TIA, and (3) a contrary decision in the Fifth Circuit creates a circuit split that requires an interlocutory appeal. Each of these arguments lacks merit.[1]

### a. Collection of Delinquent Taxes

---

[1] Defendant also argues that Plaintiffs' action is barred under the TIA because Defendant is an "agent" of the City. (Def.'s Mem. 12.) The Court need not address this argument because Defendant failed to raise it in its Motion to Dismiss. Section 1392(b) "does not contemplate that a district court may simply certify a question without first deciding it." 16 Wright, Miller & Cooper, Federal Practice and Procedure (2nd ed., 2010 update) § 3930, 419-20; <u>accord</u> <u>In re Community Bank of Northern Va.</u>, 622 F.3d 275, 314 n.35 (3d Cir. 2010).

Defendant argues that whether the TIA bars suits against private "collection activities or penalties and fees imposed on delinquent taxpayers incident to the municipality's efforts to perform collection" is an issue of first impression in this circuit.  (See Def.'s Mem. 8.)   Neither Defendant's characterization of the issue nor its argument is well taken. The Court has decided that Plaintiffs' suit falls outside the TIA's restrictive limits.  (See Order on Motions 23.)   Although the Sixth Circuit has not ruled on the issue as narrowly defined by Defendant, it has explicitly set forth the parameters within which the TIA applies.   See BellSouth, 542 F.3d at 501. Defendant's case does not fall within those narrow parameters. Nor does its argument address "novel" or "difficult" issues. See Hoffman v. GC Services, L.P., No. 3:08-cv-255, 2010 U.S. Dist. LEXIS 46338, at *2 (E.D. Tenn. May 11, 2010).  This is not an issue of first impression.

Defendants' Motions suggest that this Court's prior legal conclusions about the TIA were incorrect.  (See Def.'s Mem. 8, 10, 13; Def.'s Revision of Interlocutory Orders 2, 7."  Arguing "that a court's decision was incorrect" is not tantamount to asserting that an issue is difficult or of first impression. Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).  Section 1292(b) is "not a vehicle to question the correctness of a district court's ruling

or to obtain a second, more favorable opinion." <u>Ryan v.
Flowerserve Corp.</u>, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)
(citing <u>McFarlin v. Conseco Serv., LLC</u>, 381 F.3d 1251, 1256
(11th Cir. 2004)). There must be genuine doubt about the
correctness of the legal standard the district court applied.
<u>Gieringer v. Cincinnati Ins. Cos.</u>, No. 3:08-cv-267, 2010 WL
2572054 (E.D. Tenn. June 18, 2010); <u>accord</u> <u>Stone v. Patchett</u>,
No. 08 CV 5171 (RPP), 2009 U.S. Dist. LEXIS 47852, at *5-6
(S.D.N.Y. June 2, 2009).

Defendant does not argue that the Court applied an
incorrect legal standard. Instead, it argues that <u>BellSouth</u>,
542 F.3d at 504, was "factually and legally distinguishable from
the instant case." (Def.'s Mem. 8.) Defendant argues that a
more refined reading of <u>BellSouth</u> and <u>Wright v. McClain</u>, 835
F.2d 143, 145 (6th Cir. 1987), would bar Plaintiffs' suit.
(Def.'s Mem. 8-9.) Because Defendant "is challenging the
Court's application of law to the facts [based on] its own
disagreement with the outcome, rather than presenting a
situation where there are substantial disputes as to the
applicable law," there is no difficult issue of first
impression. <u>Gieringer</u>, 2010 WL 2572054, at *3 (citing <u>Novacor
Chems. v. GAF Corp.</u>, 164 F.R.D. 640, 648 (E.D. Tenn 1996)).

Even if the issue were one of first impression, that alone
would be insufficient. <u>See</u> <u>Hoffman v. GC Services, L.P.</u>, 2010

10

WL 1882026 at *2. Defendant offers no convincing argument that this is a "novel" or "difficult issue" such that an immediate appeal would resolve the litigation. Id. Even issues of first impression are not "sufficient to show substantial grounds for disagreement." Young v. Wells Fargo Bank, No. 09-4255, 2009 WL 3255163, at *3 (E.D. La. Oct. 7, 2009). That "counsel disagrees on applicable precedent does not qualify the issue as one over which there" are differing opinions so as to necessitate interlocutory appeal. Ryan, 444 F. Supp. 2d at 724.

### b. Split in Sixth Circuit

Defendant cites Wright and BellSouth as evidence of differing opinions within the circuit. Defendant recycles previously rejected arguments from its Motion to Dismiss, arguing that the Court's interpretation of BellSouth was incorrect and that Wright "specifically considered whether [payments] constituted a 'tax under state law' within the meaning of that term under the Tax Injunction Act." (Def.'s Mem. 8-9) (quoting Wright, 835 F.2d at 143.) Defendant's argument reflects a fundamental misunderstanding of the TIA's application to this case. Here, Plaintiffs are not attempting to evade state tax liability; they are seeking money damages based on Defendant's allegedly illegal collection of fees.

In BellSouth, the Sixth Circuit held that the TIA "applies only when a claimant seeks to 'enjoin' or otherwise hinder 'the

11

assessment, levy or collection' of a state tax." 542 F.3d at 501 (citation omitted). Relying on _Hibbs v. Winn_, 542 U.S. 88 (2004), the Sixth Circuit concluded that the TIA applies "only in cases . . . in which state taxpayers seek federal-court orders enabling them _to avoid paying state taxes_." _Id._ at 501 (emphasis in original). The TIA does not prevent parties from seeking relief "that merely facilitates what businesses have done for a long time—recover[ing] the costs of doing business."[2] _Id._ at 502 (emphasis added). So long as the requested relief does not "interfere with the relationship between the body that imposed the tax [] and the bodies that owe the tax," an action is not barred under the TIA. _Id._

_BellSouth_ is consistent with _Wright_. In _Wright_, the Sixth Circuit addressed a defendant's constitutional challenge to a Tennessee statute that required parolees to make monthly payments to a supervision fund and to a victim's compensation fund. _See_ 835 F.2d at 143-44. In deciding whether monthly payments were taxes or fees, the court considered whether the funds were for general revenue raising purposes or "a charge for a personal service voluntarily engaged [in]." _Id._ at 144. The monthly payments were found to be taxes because they defrayed

---

[2] That the First Amendment was the vehicle for the plaintiff's challenge was not essential to the court's holding. The plaintiffs in _BellSouth_ "not only [] declined to challenge th[e] provision but also [] accepted its validity for purposes of th[e] case. If successful, th[e] injunction thus w[ould] not hinder the Commonwealth's interest in collecting the tax." 542 F.3d at 501.

the cost of supervised release.  Id.  Invalidating Tennessee's collection scheme on constitutional grounds would have threatened the state's "administration of [] affairs."  Id. at 144.

Wright and BellSouth are not legally inconsistent. Wright's protection of "revenue raising" mechanisms accords with BellSouth's prohibition of suits by individuals attempting to evade state tax requirements.  See BellSouth, 542 F.3d at 502. Both cases stand for the proposition that the relief requested is central to the application of the TIA.  See BellSouth, 542 F.3d at 501 (Plaintiffs did not "seek[] relief from legal responsibility for the underlying tax, whether through an injunction or otherwise."); Wright, 835 F.2d at 143 (challenging the constitutionality of a Tennessee program to avoid making payments).  Therefore, "the holding in [Wright] is [consistent with] the prevailing view within the Circuit that" the TIA bars claimants who seek to hinder the assessment, levy, or collection of state taxes.  In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. 2d at 850.

### c. Decisions in the Fifth and Seventh Circuits

Defendant argues that the Fifth Circuit's decision in Washington creates substantial disagreement and requires an interlocutory appeal to resolve inconsistencies between the Fifth and Sixth Circuits.  (See Def.'s Mem. 11.)  Defendant

cites Washington for the proposition that "the plain language of
the [TIA]'s jurisdictional limitation is not focused on taxes
only, but rather the broader activities of assessing, levying,
and collecting taxes." Defendant suggests that the Fifth
Circuit's interpretation is persuasive because "the Sixth
Circuit has not had cause to analyze whether collection
activities specifically prohibited from federal court
interference might fall within the protection of the TIA."
(Def.'s Mem 11.) Defendant's argument is not well taken.

In Washington, the plaintiffs challenged "the
constitutionality of a 1998 City of New Orleans ordinance
authorizing the collection of delinquent ad valorem taxes
through private parties and imposing an additional thirty
percent penalty for collection costs." 338 F.3d at 443. The
Fifth Circuit affirmed the dismissal of the plaintiff's claims,
reasoning that the fees were intended to defray the costs of tax
collection, and that the TIA "[was] meant to be a broad
jurisdictional impediment to federal court interference with the
administration of state tax systems." Id. at 444 (citing United
Gas and Pipeline Co. v. Whitman, 595 F.2d 323, 326 (5th Cir.
1979) (emphasis added)).

Washington is consistent with precedent in the Sixth
Circuit and other jurisdictions because, if successful, the
plaintiffs' constitutional challenge would have disrupted the

14

administration of New Orleans' tax system.  See BellSouth 542
F.3d at 502 (finding that the TIA does not bar claims when a
plaintiff attempts to recoup "the costs of doing business");
Wright, 835 F.2d at 143-44 (dismissing a prisoner's
constitutional challenge on TIA grounds); see also In re Wal-
Mart Stores, Inc., No. 09-8039, 2009 U.S. App. LEXIS 29535, at
*4 (7th Cir. Nov. 12, 2009) ("We fail to see how a suit against
a private party could challenge the validity of a tax, given
that private parties do not have the power of taxation.  We have
not found another case where the parties even argued, let alone
the court agreed, that the TIA prevented a private dispute from
being adjudicated in federal court.").  There is no substantial
ground for disagreement between the Fifth and Sixth Circuits.

### 2.  Controlling Question of Law

Defendant argues that interlocutory appeal is necessary to
resolve the controlling question of whether "the TIA bars a
complaint that alleges the illegality of attorney's fees and
penalties collected incident to delinquent tax collection."
(Def.'s Mem. 7.)

A matter of law is "controlling" if its resolution could
materially affect the litigation's outcome—that is, if the
case's resolution could result in reversal of a district court's
final judgment, has precedential value, or would save the court
and the parties substantial time and resources.  In re Memphis,

293 F.3d at 351; Rafoth v. Nat'l Union Fire Ins. Co., 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Defendant is not entitled to an interlocutory appeal because it has failed to establish that there is a substantial ground for disagreement about this Court's TIA ruling.

### 3. Materially Advancing the Litigation

An interlocutory appeal will materially advance the litigation if it "will save substantial resources and litigant expense." W. Tenn. Chptr. of Assoc. Builders & Contrs., Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). "An interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." Black & Decker, Inc. v. Smith, No. 07-1201, 2008 U.S. Dist. LEXIS 63054, at *10 (W.D. Tenn. Aug. 13, 2008) (internal quotation marks and citations omitted); accord In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. at 851. Concerns for efficiency must be balanced "against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." Primavera Familienstifung v. Ashkin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001).

Defendant argues that interlocutory appeal is appropriate because "the orderly administration of justice is frustrated

when parties are forced to grind forward to final judgment before they can challenge the correctness of some isolated, but determinative, question of law." (Def.'s Mem 5) (citing W. Tenn. Chptr. Of Assoc. Builders & Contrs., Inc., 138 F. Supp. at 1018). Defendant contends that interlocutory appeal of the TIA claim would materially advance the litigation because it is a controlling issue that could work a timely disposition.

Although quick resolution of a controlling issue conserves judicial resources and saves litigation expenses, Defendant has failed to show that there is an exceptional circumstance. "It is true that a successful appeal by [Defendant could result in expediting the case]. [But if] that were to be the result . . . that would be true any time a defendant [] raise[s] on appeal an issue going to an essential element of the plaintiff's claim. That is not an exceptional circumstance." Ace Am. Ins. Co. v. RC2 Corp., No. 07 C 5037, 2008 U.S. Dist. LEXIS 93692, at *9 (N.D. Ill. Nov. 13, 2008). "[Defendant's] circumstances [do not] justify a departure from the ordinary rule of postponing judicial review until after entry of final judgment." In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. 2d at 851 (citing 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 n.46 (2d ed. 1996) (internal quotation marks and citation omitted)).

The primary case on which Defendant relies was reversed by the Sixth Circuit because immediate appeal was inappropriate. See In re Memphis, 293 F.3d at 351 (reversing the district court's certification of issues for interlocutory appeal). This Court is not persuaded that "interlocutory appeal should [] be granted in [this] circumstance[]," or that immediate appeal would "avoid protracted and expensive litigation." Cardwell, 504 F.2d at 446. Defendant's Motion for Interlocutory Appeal and Motion to Stay is DENIED on the TIA issue.

## B. TIA and Defendant's Motion for Revision of Interlocutory Order

Defendant argues that the Court should revise its "Interlocutory Order" because of the "occurrence of . . . a change of law" since Defendant's April 21 Motion. (Def.'s Revision of Interlocutory Orders 2-3) (citing W.D. Tenn. Civ. R. 7.2(b)(2)). No "change of law" has occurred since Defendant's April 21 Motion.

Defendant argues that Empress Casino, 2011 U.S. App. LEXIS 13898, at *30-31, and Washer & Refrigeration, 2010 U.S. Dist. LEXIS 93576, at *12-14, have changed the law. In Empress Casino, the Seventh Circuit dismissed a private action against Illinois racetrack owners because the plaintiffs sought a constructive trust that "would thwart the tax as surely as an injunction against its collection." Id. at *7-8. If granted,

18

the constructive trust would result in [plaintiffs'] recapturing the taxes they have paid," and "[t]he tax would be nullified." Id.  The "constructive trust in favor of the taxpayers would [have] defeat[ed] the purpose of the Tax Injunction Act as effectively as an injunction."  Id. at *30.

In Washer & Refrigeration, the Middle District of Alabama dismissed several claims for equitable relief because they were barred by the TIA, including requests for a constructive trust and declarations that "any and all tax assessments, liens, levies, and collections performed in relation to Defendants'[] contracts are invalid, void, and constitute unlawful takings." 2010 U.S. Dist. LEXIS 93576, at *7.  The plaintiffs failed to explain how "the relief sought, if obtained, would not at least 'restrain' the assessment and collection of taxes, if not actually 'enjoin [and] suspend' them."  Id. (citations omitted). Therefore, the TIA barred plaintiffs' claims.

Empress Casino and Washer & Refrigeration stand for the proposition that, in TIA cases, "the bottom line [is the] relief [plaintiffs] seek."  Id. at *12.  In both cases plaintiffs requested equitable relief, such as declarations of validity or constructive trusts for disputed funds.  "What the federal courts must not do is freeze the state's tax moneys by imposition of [these equitable remedies]."  Empress Casino, 2011

U.S. App. LEXIS 13898, at *30.  "The [TIA] does not bar federal monetary relief."  Id. (emphasis added).

Plaintiffs in this case seek monetary relief; they are not seeking equitable remedies.  "[W]e fail to see how a suit [requesting money damages] against a private party . . . could challenge the validity [or enjoin the application] of a tax." In re Wal-Mart Stores, Inc., 2009 U.S. App. LEXIS 29535, at *2.

In its Motion for Revision, Defendant again cites Washington for the proposition that "[t]he Tax Injunction Act is focused not on the subject matter of [the] tax, but on the broader activities of 'assessment, levy or collection of any tax[,]'" and that Plaintiffs' action must be dismissed.  (Def.'s Revision of Interlocutory Orders 6) (citing 338 F.3d at 443). Motions for Revision "may not be used to relitigate old matters."  In re Regions Morgan Keegan ERISA Litig., 2010 U.S. Dist. LEXIS, at *1.  This Court rejected Defendant's interpretation of Washington in its Order on Motions.

Even if Washington were a novel development in controlling law, its holding is distinguishable and inapplicable to this case.

Defendant's Motion for Revision is DENIED.

### C.  Exhaustion of State Administrative Remedies

Defendant argues that, "if the Court in its reconsideration of the question, or the Sixth Circuit [] on appeal, determines

20

that at least one (1) putative class member must allege compliance with . . . Tennessee's exclusive state court remedy, then the instant lawsuit must be dismissed." (Def.'s Mem. 14.) Defendant's argument is misplaced.

The basic requirement of an interlocutory appeal under § 1292(b) is the entry of an order. "The statute does not contemplate that a district judge may simply certify a question without first deciding it." Ray v. American Nat'l Red Cross, 921 F.2d 324, 325 (D.C. Cir. 1990) (quoting 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3930, at 156 (1977)); accord In re Memphis, 293 F.3d at 350 ("This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal.") (emphasis added).

Defendant did not raise the exhaustion argument in its Motion to Dismiss, and this Court did not address it in its Order on Motions. Defendant's Motion based on exhaustion of state remedies is DENIED.

Defendant's argument would be misplaced even if it had been raised in its Motion to Dismiss. There is no exhaustion requirement. Plaintiffs' claims are not barred under the TIA because they seek monetary relief. See Empress Casino, 2011 U.S. App. LEXIS 13898, at *32 ("The Tax Injunction Act bars federal equitable relief only if the plaintiffs have available

to them a state remedy that is 'plain, speedy and efficient.'") (citations omitted) (emphasis added).

### D.   Rule 19 Joinder

Defendant argues that the City of Memphis (the "City") is a necessary party under Rule 19 of the Federal Rules of Civil Procedure "because adjudication in the City's absence might leave [Defendant] subject to a substantial risk of incurring multiple obligations." (Def.'s Mem 18.) The contract between the City and Defendant requires "Linebarger to indemnify and hold the City harmless from any losses arising from [] Linebarger's performance of the contract." (Id.) Defendant argues that it could be susceptible to duplicative liability in the instant case and the state litigation. (Id.) If the City were joined in this action, "the risk of multiple obligations to the same plaintiffs would be avoided." (Id.)

Defendant must establish that joining the City under Rule 19 involves a controlling question of law, that there are substantial grounds for differing opinions about joining the City, and that including the City would materially advance the ultimate termination of the litigation. In re Memphis, 293 F.3d at 350. Defendant argues, with one supporting citation, that joining the City under Rule 19 is a controlling issue. Defendant argues, without citation, that interlocutory appeal would materially advance the litigation. Defendant also argues,

without citation or additional justification, that the City's joinder is an issue with a substantial basis for a difference of opinion.

Defendant's Motion makes clear that it seeks interlocutory appeal because "of its own disagreement with the outcome [in this Court's Order on Motions]." (See Def.'s Mem. 18); see also Gieringer, 2010 U.S. Dist. LEXIS 61086, at *3. Interlocutory appeals are not avenues for mundane disagreements with trial courts; the issues and justifications requiring appeal must be exceptional. See In re Memphis, 293 F.3d at 350. Because Defendant has not established that the City's joinder under Rule 19 is an exceptional circumstance under § 1392(b), its Motion based on joinder is DENIED.

### E.   **Colorado River** Doctrine

Defendant argues that, "while plaintiffs in the State court action present some different theories of recovery than the plaintiffs in the present action, both cases turn on the same set of facts and the Court's interpretations of [] Tennessee law." (Def.'s Mem. 21.) Defendant contends that this Court should stay proceedings under the Colorado River doctrine because a stay would conserve time and judicial resources.

The Court has decided that staying this action would be inappropriate. (See Order on Motions 20.) Defendant argues that decision was erroneous because the state and federal

actions "both involve claims that the respective defendants collected attorney's fees in violation of [Tennessee law]." (Def.'s Mem. 20.) The state court action would not resolve the issues and claims before this Court. (See Order on Motions 19-20.) The "Court's decision on [the issue] rested on a highly fact-specific inquiry that turned on the specific facts and posture of this complex [] litigation." Stone, 2009 U.S. Dist. LEXIS 47852, at *5-6.

Defendant "does not argue that the Court applied the wrong legal standard to Defendant's claims in deciding [its] motion to dismiss. Rather, the essence of [Defendant's] argument is that the Court incorrectly applied the law to the facts presented." Id. A "question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Bild v. Konig, No. 09-CV-5576, 2011 U.S. Dist. LEXIS 100827, at *4 (E.D.N.Y. Sept. 7, 2011) (citing Stone, 2009 U.S. Dist. LEXIS 47852, at * 5-6); accord In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. at 848 (noting that courts grant interlocutory appeals when the issues involve "controlling question[s] of law") (emphasis added). "[T]he questions presented for interlocutory appeal by [Defendant] would require the [Sixth] Circuit to review this Court's application of the law to the facts presented by the parties. Under these

24

circumstances, Defendant's questions do not present issues of pure law and therefore are not appropriate for interlocutory review." Stone, 2009 U.S. Dist. LEXIS 47852, at *5-6 (citations omitted). The "antithesis" of a proper § 1292(b) appeal is an action that "turns on whether . . . the district court properly applied settled law to the facts or evidence of a particular case." Konig, 2011 U.S. Dist. LEXIS, at *4 (citing Mills v. Everest Reinsurance Co., 771 F. Supp. 2d 270, 276 (S.D.N.Y. 2009)); see also McFarlin v. Conseco Servs., 381 F.3d at 1259. Defendant's Motion for Interlocutory Appeal based on the Colorado River doctrine is DENIED.

### III. Conclusion

Defendant's Motion for Interlocutory Appeal and Motion to Stay is DENIED. Defendant's Motion for Revision under Local Rule 7.3 is also DENIED.

So ordered this 26th day of March, 2012.

s/ Samuel H. Mays, Jr.__ ____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE