IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| BRENDA J. WRIGHT YOUNGBLOOD, on behalf of herself and all similarly situated persons and entities, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2304 |
| LINEBARGER GOOGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership, | ) ) ) ) | |
| Defendant. | ) | |

---

## ORDER GRANTING CLASS CERTIFICATION

---

Before the Court is Plaintiff Brenda J. Wright Youngblood's ("Youngblood") November 10, 2011 Motion for Class Certification. (Mot., ECF No. 103.) Defendant Linebarger Googan Blair & Sampson, LLP ("Linebarger") responded on November 23, 2011, and Youngblood replied on December 12, 2011. (Resp., ECF No. 106; Reply, ECF No. 112.) For the following reasons, Youngblood's Motion is GRANTED.

### I. Background

Linebarger is an unincorporated legal partnership organized under the laws of Texas. (Am. Compl. ¶ 8, ECF No. 5.) Linebarger specializes in collecting delinquent personal and

property taxes for its clients. (Id. ¶ 9.)  In March 2004, the
City of Memphis ("Memphis") hired Linebarger to collect
delinquent real property taxes from Memphis property owners.
(Id. ¶ 10.)

Youngblood contends that, since Linebarger entered into its
contract with Memphis, Linebarger has received $19,148,452.91.
(Linebarger's Ledger, ECF No. 103-5.)  How Linebarger was paid
is the source of this dispute.  Tenn. Code Ann. § 67-5-2404
provides that attorneys who pursue delinquent taxes may not
receive compensation in excess of 10% of all delinquent land
taxes collected.  Tenn. Code Ann. § 67-5-2410(b) provides that a
10% penalty is imposed on parties who are sued for delinquent
taxes and that the penalty "shall be devoted to the expense of
prosecuting these suits and shall be allowed to the attorney
filing the suits as compensation for the attorney's services."
Youngblood contends that the two statutes, taken together, cap
the permissible attorneys' fee at 10%, but that Linebarger has
interpreted the statutes to entitle it to a cumulative 20% fee.
(Am. Compl. ¶ 11.)

In 2009, Youngblood, a resident at 4500 Sun Valley Drive,
Memphis, Tennessee, received a Notice of Lawsuit and Delinquent
Real Property Tax Statement (the "Notice") for property located

at 4500 Sun Valley Drive, Memphis, Tennessee.[1]  (Id. ¶ 18; Notice

of Lawsuit, ECF No. 103-7.)   The Notice provided, in relevant

part:

> Our law firm has been retained to collect delinquent
> taxes owed to the City of Memphis.  A lawsuit has been
> filed to enforce the lien for the unpaid 2007 real
> property taxes and/or special assessments owed on the
> tax parcel described on the enclosed bill.  You have
> been sued in the Chancery Court of Shelby, County,
> Tennessee . . . [and] the original complaint is
> located in the Chancery Court Clerk's office.
>
> PAYMENT OF YOUR 2007 TAXES WILL STOP THIS LAWSUIT:
> Your property will be removed from this lawsuit as
> soon as full payment is received.
>
> DEFAULT JUDGMENT: . . . You are hereby notified to
> appear and defend suit or a default judgment.  You do
> not need to appear in court as long as you pay your
> taxes prior to the hearing date.
>
> NOTICE OF TAX SALE: A judgment will be taken on June
> 5, 2009 on all unpaid accounts.  After judgment, all
> properties owing delinquent 2007 taxes will be posted
> as available for tax sale on the internet . . . .
>
> DO NOT HESITATE: If you do not pay your taxes in full
> by February 28, 2009, additional interest and
> penalties will accrue.

(Notice.)

Although the Notice listed Lenora S. Wright ("Lenora

Wright") as the owner, she had passed away and Youngblood, her

daughter, paid the $960.33 stated in the Notice.  (Youngblood

Dep. 70, ECF No. 103-6.)   That amount included $539.87, the

---

[1]  The property was formerly owned by decedent Lenora S. Wright ("Lenora
Wright"), but upon her death the property passed to her heirs, Brenda J.
Wright Youngblood, Robert L. Wright, Jr., Christine L. Wright, Larry D.
Wright and Jacquelyn Wright Johnson.  (Mem. in Supp. of Substitution 2, ECF
No. 30-1; Youngblood Dep. 8.)

actual amount of delinquent tax for tax year 2007, and $107.97, or 20% of the 2007 delinquent tax, for Linebarger. (Am. Compl. ¶¶ 21-22; see also Pamela Johnson Dep. 25, ECF No. 103-3.) After Youngblood paid the stated amount, the tax lien was removed. (Youngblood Dep. 70; Am. Compl. ¶ 23.)

Youngblood alleges that her experience is not unique, and that "in virtually all instances . . . [Linebarger] included in the total delinquent amount an unlawful attorney's fee." (Am. Compl. ¶ 24.) She alleges that the proposed class members paid unlawful attorneys' fees when they paid their delinquent taxes. (Id. ¶ 25.) Therefore, under Tennessee law, she alleges that Linebarger is obligated to repay its entire fee, not only the unlawful excess. (Id. ¶ 27.) Youngblood sues for conversion and unjust enrichment and seeks punitive damages. (Am. Compl.)

Youngblood moves to certify the following proposed class (the "Attorney Fee Class"):

> Plaintiff and all similarly situated persons and entities who owned real property that was subject to a delinquent real property tax suit filed by Linebarger on behalf of the City of Memphis for the tax years 2003 to the present who paid an unlawful 10% "attorney fee" which was received by Defendant.

(Mem. to Supp. Certification 4-5, ECF No. 103-1.) Youngblood contends that she is a class member because she owned the property that was subject to the threatened delinquent tax suit. (Id. 5.) Linebarger opposes certification.

On March 22, 2010, plaintiffs not party to this suit filed a class action against Memphis in the Chancery Court of Shelby County, Tennessee (the "Chancery Court Action."). (See Chancery Court Compl., ECF No. 106-1.) The Chancery Court Action addresses Memphis' potential liability arising from the collection of allegedly unlawful fees at issue in this case. On March 22, 2011, the Court denied Linebarger's motion to stay this case pending the resolution of the Chancery Court Action. (Mar. 22 Order 13-20, ECF No. 37.)

## II. Jurisdiction and Choice of Law

The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The proposed class is predominantly composed of residents of Memphis, Tennessee. (Am. Compl. ¶ 2.) Linebarger is an unincorporated partnership organized under the laws of Texas, with its principal place of business in Austin, Texas. (Id.) Youngblood has alleged that the class is entitled to at least $8.25 million in damages. (See Order 10, ECF No. 37.) Jurisdiction is proper.

Linebarger contends that Youngblood lacks standing, but the Court has concluded that she does. (See Orders, ECF Nos. 37, 117.) Linebarger may not raise the issue again in opposition to a motion to certify. "If the named plaintiffs bringing a class action claim[] do not individually have standing to bring those claims, the case should be dismissed prior to the certification

5

process." <u>Ramirez v. STI Prepaid LLC</u>, 644 F. Supp. 2d 496, 504 (D.N.J. 2009).

Youngblood has standing because she paid the delinquent property taxes and the contested fee. Linebarger contends that, because Youngblood was not named in the Notice and was not the registered property owner, she could not have been injured. (Resp. 20.) (Youngblood Dep. 62, 69, ECF No. 103-6.) The Court has already decided that payment of the attorneys' fee establishes standing. (Mar. 22 Order 52.) "Monetary harm is a classic form of injury[]." <u>Danvers Motor Co. v. Ford Motor Co.</u>, 432 F.3d 286, 298 (3d Cir. 2005).

Linebarger contends that the Court lacks jurisdiction because Youngblood and the other proposed class members must first exhaust their judicial remedies under Tenn. Code Ann. § 67-1-901(a). (Resp. 5.) Section 67-1-901(a) provides that:

> In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due to the state, shall institute any proceeding or take any steps for the collection of the sum alleged . . . the person against whom the proceeding or step is taken shall, if that person conceives the same to be unjust or illegal . . . pay the revenue under protest.

Tenn. Code Ann. § 67-1-901(a). Tenn. Code Ann. § 67-1-912(b)(2) provides that a party must bring suit against a county or municipality "within six (6) months after such payment under protest against the county to recover such taxes that [] were wrongfully collected." "The law is clear in Tennessee that, at

a minimum, payment under protest is a condition precedent to the recovery of real property taxes paid to a county or a municipality." Penking Trust v. Sullivan Cnty., 196 B.R. 389, 395 (Bankr. E.D. Tenn. 1996) (citing Hoover, Inc. v. Rutherford Cnty., 885 S.W.2d 67 (Tenn. App. 1994)).

Linebarger argues that, these statutes, considered together, require parties challenging wrongful tax collections to bring suit within six months of payment under protest. (Resp. 5-6.) In Tennessee, a taxpayer seeking a tax refund from a county must "(1) pay the tax under protest and (2) file suit to recover the sum paid under protest within six months from making the payment." Moscheo v. Polk Cnty., No. E2008-01969-COA-R3-CV, 2009 WL 2868754, at *6 (Tenn. Ct. App. Sept. 2, 2009).[2]

Linebarger's interpretation of Tenn. Code Ann. §§ 67-1-901(a) and 67-1-912(b)(2) is not well taken. The Court must apply the plain meanings to statutory terms when the language is clear and unambiguous. Auto Credit v. Wimmer, 231 S.W.3d 896, 900 (Tenn. 2007). The statutes apply only to the unlawful payment of taxes. Requiring a party to pay taxes under protest assures the state of notice that payment is in dispute. Linebarger is not a government entity; it is a law firm being

---

[2] Linebarger also argues that Youngblood's suit is barred by the Tax Injunction Act ("TIA"). (Resp. 6-7.) The Court has already concluded that the TIA does not bar suit. (Order 20-22, ECF No. 37.)

sued over its fees.  There is no allegation that the property taxes are unlawful.  "That is not a request for a tax injunction," but rather a lawsuit over how Linebarger "recover[s] the costs of doing business. . . ."  BellSouth Telecomms., Inc. v. Farris, 542 F.3d 499, 502 (6th Cir. 2008); see also In re Wal-Mart Stores, Inc., No. 08-8039, 2009 U.S. App. LEXIS 29535, at *4 (7th Cir. Nov. 12, 2009) (observing that "private parties do not have the power of taxation[.]").  Memphis hired Linebarger to collect back taxes.  The dispute is about what it charged to collect those taxes, not payment of the taxes.

To the extent Linebarger contends that §§ 67-1-901(a) and 67-1-912(b)(2) bar suit, Linebarger's defense would apply to all proposed class members who did not pay taxes under protest.  That is a common question of law, and so a question "appropriately answered through the class certification process."  In re Grand Theft Auto Video Game Consumer Litig., No. 06 MD 1739, 2006 U.S. Dist. LEXIS 68064, at *10 (S.D.N.Y. Oct. 25, 2006).

In a diversity action, state substantive law governs.  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  A federal district court is required to apply the choice of law rules of the state in which it sits.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  "Otherwise the accident of diversity of

citizenship would constantly disturb equal administration of
justice in coordinate state and federal courts sitting side by
side." Id. Where the underlying basis for CAFA jurisdiction is
diversity, the forum state's choice of law rules apply. See
Savedoff v. Access Group, Inc., 524 F.3d 754, 760 n.5, 762 (6th
Cir. 2008) (applying forum state's choice of law provisions
where federal jurisdiction was premised on 28 U.S.C. §
1332(d)(2)(A)). Tennessee choice of law rules apply.

Youngblood's claims are for conversion, unjust enrichment,
and punitive damages. (See Mar. 22 Order.) Her claims sound in
tort. For tort claims, Tennessee follows the "most significant
relationship" rule, which provides that "the law of the state
where the injury occurred will be applied unless some other
state has a more significant relationship to the litigation."
Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). The
alleged injuries in this case occurred in Tennessee. Youngblood
and Linebarger assume that Tennessee substantive law applies.
Neither alleges that another state has a more significant
relationship to the litigation. The Court will apply Tennessee
substantive law.

### III. Standard of Review

Federal Rule of Civil procedure 23 governs class actions.
To meet the requirements of Rule 23(a), a plaintiff must
establish that: (1) the class is so numerous that joinder of

all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If a plaintiff satisfies the requirements of Rule 23(a), she must also establish that the class should be certified under Rule 23(b). Youngblood moves for certification under Rule 23(b)(3), which requires a finding that "questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

An action should not be certified "unless the resolution of the common issues 'will advance the litigation.'" Alkire v. Irving, 330 F.3d 802, 821 (6th Cir. 2003) (quoting Sprague v. GMC, 133 F.3d 388, 397 (6th Cir. 1998)). The court must determine "'whether [the] proposed classes are sufficiently cohesive to warrant adjudication by representation.'" Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007) (quoting Amchem Prods. v. Windsor, 521 U.S. 591, 632 (1997)). The plaintiff must show "that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)

(emphasis in the original). Although a court "must resolve factual disputes necessary to class certification, [it] 'should not turn the class certification proceedings into a dress rehearsal for the trial on the merits.'" Glazer v. Whirlpool Corp., 678 F.3d 409, 417 (6th Cir. 2012) (quoting Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012)).

## IV. Analysis

Youngblood contends that certification is appropriate under Rule 23(a) and (b)(3). Linebarger contends that certification is not appropriate because Youngblood has never had an interest in the property. It contends that Youngblood is not and has never been the owner of the property, that she divested any interest in the property by giving it to her son, and that no delinquent property tax statement has named her or Darrell Wright, the original plaintiff. (Resp. 4.)

### A. Rule 23(a)

#### 1. Numerosity

Although there is "no strict numerical test" for numerosity, evidence that a class contains thousands of members readily establishes that joinder is impracticable. Glazer, 678 F.3d at 418. Pamela Johnson ("Johnson"), Linebarger's Rule 30(b)(6) witness, concedes that there could be thousands of members of the class. (Pamela Johnson Dep. 30.) That satisfies

the numerosity requirement.  See id. ("The evidence shows that Whirlpool shipped thousands of Duet washers to Ohio for retail sale.  This is sufficient to support the certification of a class of all Ohio residents who purchased a Duet in Ohio."); Daffin v. Ford Motor Co., 458 F.3d 459, 552 (6th Cir. 2006) ("Because we determine [] that Daffin is typical of thousands of 1999 and 2000 Villager owners who assert express warranty claims, the class satisfies the numerosity element."); see also Smith v. Ohio Dep't of Rehab. & Corr., No. 2:08-CV-15, 2012 U.S. Dist. LEXIS 58634, at *11-12 (S.D. Ohio April 26, 2012) (certifying a class of more than two thousand members); Siding & Insulation Co. v Beachwood Hair Clinic, Inc., 279 F.R.D. 442, 444 (N.D. Ohio 2012) (certifying a class consisting of thousands of individuals); Molina v. Roskam Baking Co., No. 1:09-cv-475, 2011 U.S. Dist. LEXIS 136460, at *6-7 (W.D. Mich. Nov. 29, 2011) (certifying a class of four thousand members).  When the exact size of the class is unknown, but "general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."  Olden v. LaFarge Corp., 203 F.R.D. 254, 269 (E.D. Mich. 2001).

Linebarger contends that Youngblood cannot satisfy the numerosity requirement because there are adequate state law remedies that she and the proposed class members have failed to exhaust.  Linebarger argues that the class should be restricted

to "those individuals who appropriately exhausted their state law remedies" and that, so narrowed, "the class [would be] nonexistent." (Resp. 10.) The Court has rejected that argument.

Linebarger also contends that the proposed class includes members who have delinquent tax judgments against them in the Shelby County Chancery Court. (<u>Id.</u> 10.) Linebarger argues that the claims of those class members are barred by res judicata, because they should have challenged any unlawful fees before judgment. (<u>Id.</u> 12.)

When a defense of res judicata is based on a prior state judgment, federal courts apply the law of the state in which the judgment was rendered. <u>See</u> <u>Macy v. Hopkins Cnty. Sch. Bd. of Educ.</u>, 484 F.3d 357, 367-68 (6th Cir. 2007) (applying Kentucky res judicata analysis to determine the effect of a Kentucky state court judgment). To assert a defense of res judicata based on a Tennessee judgment, a defendant must show that: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." <u>Lien v. Couch</u>, 993 S.W.32d 53, 56 (Tenn. Ct. App. 1998). There is no dispute that the Chancery Court had jurisdiction or that the judgments were rendered. Default judgments are judgments on the

merits for purposes of res judicata. <u>Roberts v. Vaughn</u>, No. W2008-01126-COA-\$3-CV, 2009 Tenn. App. LEXIS 386, at *12 (Tenn. Ct. App. June 10, 2009). When there is no privity, however, there is no res judicata.

Privity requires "'an identity of interest, that is, a mutual or successive interest to the same rights.'" <u>Notredan, LLC v. Old Rep. Exch. Facilitator Co.</u>, No. 11-2987-STA-tmp, 2012 U.S. Dist. LEXIS 85712, at *14 (W.D. Tenn. June 21, 2012) (quoting <u>State ex rel. Cihlar v. Crawford</u>, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000)). Linebarger argues that it had an identity of interest with Memphis because "Linebarger represented the City of Memphis in the lawsuits." (Resp. 14.) Legal counsel are not in privity with a client because they do not have the same interest in the matter being litigated; they are merely counsel for a party. <u>See</u> <u>Notredan</u>, 2012 U.S. Dist. LEXIS 85712, at *15-16 (attorney not in privity with client for purposes of res judicata under Tennessee law); <u>Balk v. Fererstein & Smith, LLP</u>, No. 09CV249A, 2011 U.S. Dist. LEXIS 44203, at *14-15 (W.D.N.Y. Feb. 18, 2011) (law firm not in privity with client because client's interest was in collecting an alleged debt, but law firm's interest "was in providing legal representation for [its client]."); <u>Reyes v. Kenosian & Miele, LLP</u>, 619 F. Supp. 2d 796, 809 (N.D. Cal. 2008) (defendant law firm "shared certain goals with [its] client" but did not share

14

an identity of interest with it); <u>Foster v. D.B.S. Collection Agency</u>, 463 F. Supp. 2d 783, 798 (S.D. Ohio 2006) (debt collection agency and attorney for agency not in privity). This conclusion is consistent with the general principle of Tennessee law that a resolution of liability against one tortfeasor does not bar suit against another. <u>SunTrust Bank v. Stoner</u>, No. 07-0397, 2009 U.S. Dist. LEXIS 32493, at *8 (E.D. Tenn. April 24, 2009). Linebarger was not a party to the prior court proceedings or in privity with Memphis. Linebarger has independent potential liability. The claims of proposed class members who have delinquent tax judgments against them are not barred by res judicata. The class is sufficiently numerous that joinder would be impracticable.

## 2. Commonality

Rule 23(a) requires "questions of law or fact common to the class." Commonality is established "when there is at least one issue whose resolution will affect all or a significant number of the putative class members." <u>Powers v. Hamilton Cnty. Pub. Defenders Comm'n</u>, 501 F.3d 592, 619 (6th Cir. 2007). Youngblood identifies common questions of law and fact, including: 1) whether Tenn. Code Ann. § 67-5-2404(a)(2)(A) authorizes the assessment of a 10% attorney fee in addition to the 10% fee permitted by Tenn. Code Ann. § 67-5-2410(a)(1)(a); 2) whether § 67-5-2404(a)(2)(A) limits Linebarger's compensation to 10% of

delinquent taxes collected; 3) whether Linebarger lawfully received a 20% fee; and 4) whether Linebarger's fees were clearly excessive or unlawful so that, pursuant to <u>White v. McBridge</u>, 9237 S.W.2d 796 (Tenn. 1996), Linebarger must disgorge all of the fees received. All of those issues are common to the class.

Linebarger's responses demonstrates that commonality is satisfied. It argues that plaintiffs were required to pay their delinquent taxes under protest. That is a legal question applicable to thousands of potential class members, although not, the Court has found, an argument with merit. There are legal questions affecting each proposed class member. <u>Powers</u>, 501 F.3d at 619. There are common questions of law and fact.

### 3. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." A claim is typical "'if it arises from the same event . . . that gives rise to the claims of other class members, and if [the] claims are based on the same legal theory.'" <u>Molina</u>, 2011 U.S. Dist. LEXIS 136460, at *8-9 (quoting <u>In re Am. Med. Sys., Inc.</u>, 75 F.3d 1069, 1082 (6th Cir. 1996)).

Linebarger argues that Youngblood's claims are atypical because she is "not currently and never [has alleged] to have

16

been the registered owner of the subject property located at 4500 Sun Valley Drive." (Def.'s Resp, 19-20.)  The issue before the Court, however, is the payment of allegedly illegal attorneys' fees.  In all material respects, Youngblood's claim and the claims of the proposed class members "arise[] from the same event" and are based "on the same legal theory."  <u>Molina</u>, 2011 U.S. Dist. LEXIS 136460, at 8-9.  Youngblood's claim is typical

### 4. Adequacy

A plaintiff must establish that she will fairly and adequately represent the class.  Fed. R. Civ. P. 23(a)(4).  "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." <u>Windsor</u>, 521 U.S. at 625.  The crux of this inquiry is whether the plaintiff has the same interest and suffered the same injury as the class.  <u>Beattie</u>, 511 F.3d at 562.  The court must also determine whether "'class counsel are qualified, experienced and generally able to conduct the litigation.'"  <u>Stout v. J.D. Byrider</u>, 228 F.3d 709, 717 (6th Cir. 2000).  "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentive to pursue the claims of other class members."  <u>In re American Medical Sys.</u>, 75 F.3d 1069, 1083 (6th Cir. 1996).

Linebarger contends that representation would be inadequate because Youngblood was not aware of the Chancery Court Action. (Resp. 22.) That action has no bearing on this proceeding. (Mar. 22 Order 19-20.)

Youngblood seeks to represent a class of thousands of delinquent property taxpayers who paid allegedly unlawful fees. She paid the allegedly unlawful fees herself and now seeks compensation. A class representative shares the same interests and injuries of a proposed class if she will "vigorously prosecute the interests of the class." Stout, 228 F.3d at 717 (citation omitted). Youngblood has been involved in the case since 2009 and has assisted in revising the original and subsequent Complaints. (Youngblood Dep. 12, 79.) She has testified that she understands her duty as class representative. (Id. 11-12.) She has confirmed her commitment to represent the proposed class. (Id. 78-79.) Youngblood seeks the same goal as the proposed class members: the return of allegedly unlawful fees. Youngblood will adequately represent the class.

Youngblood recommends Frank Watson, III ("Watson"), William F. Burns ("Burns"), William Ryan ("Ryan"), and Bryce Ashby ("Ashby") as class counsel. "The adequacy of plaintiffs' counsel . . . is presumed in the absence of specific proof to the contrary." Temp. Servs. v. Am. Int'l Group, Inc., 2012 U.S. Dist. LEXIS 131201, at *9 (D.S.C. Sept. 14, 2012) (internal

quotation omitted); see also Rugambwa v. Betten Motor Sales, 200 F.R.D. 358, 365 (W.D. Mich. 2001) ("In most instances, adequacy is presumed in the absence of contrary evidence by the party opposing class certification.").

Watson and Burn have been appointed class counsel in the Western District of Tennessee and throughout the country. Ryan and Ashby have been involved in complex and collective action cases. Linebarger argues that Youngblood's attorneys are inadequate because the original complaint contained a factual error. An isolated error is insufficient to overcome the presumption of adequacy. Class counsel are experienced, qualified, and generally able to conduct the litigation.

## B. Rule 23(b)(3)

Youngblood must also establish that the proposed class is certifiable under Rule 23(b). She argues that the action is maintainable under Rule 23(b)(3), which requires that "questions of law or fact common to the class predominate over any questions affecting only individual members" and that the class action mechanism be a superior method to adjudicate the controversy.

### 1. Predominance

"The predominance requirement is met if [the] common question is at the heart of the litigation." Powers, 501 F.3d at 619. "To meet the predominance requirement, a plaintiff must

establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." Randleman v. Fid. Nat'l Title Ins. Co., 646 F.3d 347, 352-53 (6th Cir. 2011); see also Ham v. Swift Transp. Co., 275 F.R.D 475, 483 (W.D. Tenn. 2011) ("[I]f the liability issue is common to the class, common questions are held to predominate over individual ones.") (internal quotations omitted). Here, the central issue is whether Linebarger's fee is excessive. Although each class member would have unique damages, liability is the more important issue, and the Court can bifurcate the issue of damages at a later date if liability is imposed. See Randleman, 646 F.3d at 353. "It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)." Messner, 669 F.3d at 815. Courts routinely certify classes based on claims of unjust enrichment or conversion. See, e.g., City of Goodlettsville v. Priceline.com, Inc., 267 F.R.D. 523, 533 (M.D. Tenn. 2010) (certifying claims for unjust enrichment and conversion); Ham, 275 F.R.D. at 487 (certifying claim of unjust enrichment); Pfaff v. Whole Foods Mkt. Group, No. 09-2954, 2010 U.S. Dist. LEXIS 104784, at *16-17 (N.D. Ohio Sept. 29, 2010) (certifying unjust enrichment and other claims).

The key issue in this matter is whether Linebarger has violated Tennessee law by receiving a 20% fee. Johnson has conceded that "the heart of this litigation is whether or not an attorney fee can be imposed pursuant to [Tenn. Code Ann.] § 67-5-2404(a)(2)(A)." (Johnson Dep. 15.)

Linebarger argues that many potential class members are barred by res judicata and that state law bars class members from bringing suit without first paying taxes under protest. The Court has rejected those arguments. Whether Linebarger's fees are unlawful is the predominant issue.

## 2. Superiority

Youngblood contends that a class action is a superior method of deciding the controversy. The Court must consider: 1) the proposed class members' interests in individually controlling the prosecution or defense of separate actions; 2) the extent and nature of any litigation concerning the controversy already begun by or against class members; 3) the desirability of concentrating the litigation of the claims in this forum; and 4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A-D).

The proposed class members have little interest in individually controlling separate actions. The sum at issue for each class member is relatively small. Youngblood, for instance, contends that the unlawful fee she paid was $107.97.

(Mem. in Supp. of Certification 26.) Class actions are particularly appropriate for cases involving such small fees given that "class members are not likely to file individual actions because the cost of litigation would dwarf any potential recovery." Glazer, 678 F.3d at 421; accord Pfaff, 2010 U.S. Dist. LEXIS 104784, at *18-19 (cases with small individual claims "a paradigmatic example of a case where the class action [is appropriate].").

The parties contest whether the second factor, the pendency of any related litigation, weighs for or against certification. Linebarger contends that the Chancery Court Action involves the same facts and issues of law. (Resp. 27.) It argues, and Youngblood does not dispute, that the Chancery Court Action was filed first. (Id.) The Court has already noted that the two actions are distinct. Linebarger is not a defendant in the Chancery Court Action. (Mar. 22 Order 19.) Even if the Chancery Court should conclude the fees are unlawful, Linebarger would not be liable because Linebarger is not a party. (Id. 19-20); see also Richardson v. Tenn. Bd. of Dentistry, 913 S.W.2d 446, 459 (Tenn. 1995) (res judicata requires the same parties in both suits). Johnson concedes that no proposed class members have sued Linebarger. (Johnson Dep. 29.) The Chancery Court Action against a non-party does not weigh against certification.

The third and fourth elements of Rule 23(b)(3)'s superiority requirement are readily satisfied. Concentrating litigation in this forum promotes judicial economy. The common legal issues will be addressed in one proceeding, and all proposed class members paid taxes and fees on real property in the Western District of Tennessee. Bledsoe v. Emery Worldwide Airlines, 258 F. Supp. 2d 780, 801 (S.D. Ohio 2003). There are no difficulties managing the class. The class members are readily identifiable and can be notified through mailings to the delinquent property addresses or through newspaper publication. See Kinder v. Northwestern Bank, 278 F.R.D. 176, 186 (W.D. Mich. 2011) (certification superior because class members were readily identifiable through bank records); see also Ham, 275 F.R.D. at 489 (certification superior because a court would be able to adjudicate "thousands" of suits in a "quicker and more efficient" manner); Beard v. Dominion Homes Fin. Servs., No. 06-0137, 2007 U.S. Dist. LEXIS 71469, at *26 (S.D. Ohio Sept. 26, 2007) (same). A class action is superior to other methods for fairly and efficiently adjudicating the controversy.

## C. Appointment of Class Representative

Youngblood seeks appointment as class representative. Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4); see also id. Advisory Note to Subdivision (g) ("Rule 23(a)(4) will continue

to call for scrutiny of the proposed class representative."). Youngblood has been diligent and active in pursuing the class claim, has worked closely with class counsel in initiating and prosecuting the action, and has helped counsel investigate. (Youngblood's Dep. 78-79.) Youngblood has no conflict of interest with other class members. Youngblood is an appropriate class representative.

### D. Appointment of Class Counsel

Under Rule 23(g), class counsel must be appointed when the court certifies a class. Fed. R. Civ. P. 23(g)(1)(A). In appointing counsel the court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) resources counsel will commit to representing the class. Id.

Watson, Burns, Ryan, and Ashby represent Youngblood. Each has experience in collective actions. Watson has acted as defense and plaintiffs' counsel in class action litigation in courts throughout the country. (See Watson Decl. ¶ 3.) Burns has been appointed class co-counsel in the Western District of Tennessee. (Id. ¶ 5-6.) Burns and Watson have prosecuted class actions against law firms for charging and collecting unlawful fees and expenses. (Am. Compl. ¶ 32.) Ryan and Ashby have been

counsel in "a variety of complex and collective action cases."
(Watson Decl. ¶ 7.) Counsel have investigated the claims at
issue in this litigation. The nature and extent of counsel's
involvement in this case to date "reflects the substantial
resources they have already committed to representing the
putative class." See Spurlock v. Fox, No. 3:09-cv-00756, 2012
U.S. Dist. LEXIS 59123, at *22 (M.D. Tenn. Apr. 27, 2012). They
have handled the matter ably since its inception.

### V. Conclusion

For the foregoing reasons, Youngblood's Motion Is GRANTED.
The Court CERTIFIES the following class:

> Plaintiff and all similarly situated persons and
> entities who responded to notice of a delinquent real
> property tax suit filed by Linebarger Googan Blair &
> Sampson, LLP on behalf of the City of Memphis for the
> tax years 2003 to the present and who paid a 20% fee
> that Linebarger Googan Blair & Sampson, LLP received.

The Court appoints Branda J. Wright Youngblood as the class
representative. After considering the factors in Fed. R. Civ.
P. 23(g), the Court appoints Frank Watson, III, William Burns,
William Ryan, and Bryce Ashby as class counsel.


So ordered this 30th day of September, 2012.


s/ Samuel H. Mays, Jr.___ ____
SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE